## SOUTHWESTERN TRANSP. CO. *v.* PITTSBURG COAL CO.

*(District Court, E. D. Louisiana.  June 3, 1890.)*

**ADMIRALTY PRACTICE—CROSS-LIBEL.**

In a suit for salvage by the crew and owners of a tug for saving a fleet of coal barges which had been loosened from their moorings and scattered by the wind, a counter-claim for the wrongful mooring of the tug to the outer barge of the fleet, whereby the accident occurred which exposed the barges to the danger from which the tug saved them is not the proper subject of a cross-libel.

In Admiralty.

*Farrar, Jonas & Kruttschnitt,* for libelant.

*Jos. P. Hornor & Son,* for respondent.

BILLINGS, J.   In this case there is a libel for salvage by the owners and crew of the steam-tug Alarm, *in personam* against the owners of numerous coal barges and of the coal contained in them.   There is also a cross-libel. The case is submitted on a plea to the jurisdiction of this court as to the matters contained in the cross-libel, which was not pressed, it being not questioned that *The Belfast,* 7 Wall. 624, 637, controls this case, and maintains the jurisdiction.   There was also a motion argued and submitted to vacate the order which had been made by the court herein under admiralty rule 53, requiring the libelants to give security for the amount claimed in the cross-libel, and staying proceedings.

The question upon this motion is whether the counter-claim arises out of the same cause of action for which the original libel was filed.   The original libel was filed by the owners and mariners of the Alarm for salvage earned in salving a fleet of coal barges, which were loosened from their moorings and scattered by the wind, and then saved by the Alarm and her crew. The counter-claim contained in the cross-libel is for a wrongful mooring of the Alarm to the outer barge of the coal barges, whereby, by reason of the height of the tug above the surface of the water, she was exposed to the force of the hurricane, and caused the unmooring or loosening from their moorings of the entire fleet of coal barges, and their exposure to all the danger for the rescue from which salvage is claimed in the libel. That the cross-libel sets up a claim which would, if proved, constitute a defense to the original libel, seems to be settled by the following authorities: *The Clara and The Clarita,* 5 Ben. 375, 386; *The Sampson and The Iola,* 4 Blatchf. 31; *The Robert Dixon,* 4 Prob. Div. 121; and *The Cargo ex Capella,* L. R. 1 Adm. & Ecc. 356.   In this last case, which was where the claim in the libel was for a collision, both vessels were found to be in fault.   The master and crew of one of the vessels claimed salvage.   Dr. Lushington rejected their claim upon the principle that no man could profit by his own wrong.

To apply the rule deduced from these cases to the case before the court: The libel is for salvage.   The counter-claim is for a wrong connected with the salvage in this way:  It caused all necessity for salvage.   The facts which support the counter-claim would defeat the libel, but this is not

necessarily because they arise from the same cause of action. The cause of action in a suit to recover salvage is the saving of property exposed to danger under such circumstances as entitle a party to compensation. The cause of action in the cross-libel is the destruction of property of the cross-libelant at the same time, and under the same circumstances, *i. e.*, with the same facts, as were the time, circumstances, and facts in connection with which the alleged saving was effected. The property saved and the property destroyed are not the same. The result would be in favor of the same party in both cases; not because the causes are the same, or spring out of the same cause of action, but because the facts which would disprove meritorious saving of certain property would establish wrongful destruction of other property. When the claim of the libelant and the counterclaim of the cross-libelant arise out of contract, as for instance, when the origin of each is a contract of affreightment,—one suing for non-delivery and the other suing for the freight money,—it is easy to apply the fifty-third rule. This was done by the court in *Vianello* v. *The Credit Lyonnais*, 15 Fed. Rep. 637. The cause of action was a commutative contract, different stipulations of which formed the basis of the claim and counter-claim, and these stipulations were parts of a whole. But the basis of the respective claims here involve an identity as to time, as to the character of the alleged act of mooring, but they are not identical as to the things themselves which were the objects saved and destroyed. One claim is for a tort. Torts to involve or spring out of the same cause of action must be with reference to the same wrong. I think rule 53 in admiralty was intended by the supreme court to make a cross-libel in admiralty proper in the same class of cases in which a cross-bill for relief in equity will lie. The limitations in such cases are stated by the court in *Rubber Co.* v. *Goodyear*, 9 Wall. 788. At page 809 the court says:

"A cross-bill is brought * * *, or to obtain complete relief to all the parties as to the matters charged in the original bill. It should not introduce any distinct matter. It is the auxiliary to the original suit, and a graft and dependency upon it. If its purpose be different from this, it is not a cross-bill, though it may have a connection with the same general subject."

See, also, *Cross* v. *De Valle*, 1 Wall. 5, where a bill had been filed to have a conditional devise operative because of the alienage of certain parties, and the heirs at law sought by a cross-bill to have their rights determined to the same property, and the court held the cross-bill would not lie.

The matters set up in the cross-libel in this case would clearly not be proper matters for a cross-bill for relief in equity. In these cross-pleadings the courts seem to adhere with absolute uniformity to the principle laid down by Lord COKE. *Idem non similis.* See *The Theresa Wolf*, 4 Fed. Rep. 152.

Nor is there any denial of a right in requiring the defendant to resort to an original libel. After he has instituted his suit, it may be for the purposes of trial, at least, consolidated with this suit; and, if judgments

are obtained in both cases, equity will furnish a method to enable either party to obtain a set-off. The only disadvantage to the defendant is that he will lose the right to insist upon a bond if his suit is *in personam.* But this result would be wrought by a rule which was not intended in such a case to secure to a defendant that right.

The motion to vacate the order requiring a bond, and staying libelant's proceedings, is allowed.